## CARSON *v.* DUNCAN.

Where a credit, endorsed upon the back of a note, was partly erased, and a certificate attached signed by two persons, that the endorsement was made by mistake, it was held that such certificate is not *per se* evidence of the fact therein stated.

Such credit can only be erased by authority of the party in whose favor it was given.

ERROR, *to Linn District Court.*

This was an action of assumpsit on a promissory note, made by W. J. Carson to J. K. Rickey or bearer, for the sum of one hundred dollars. A credit and certificate appear upon the back of the note, as set forth in the opinion.

*Norman W. Isbell,* for the plaintiff in error.

*Lowe* and *Butler,* for the defendant.

*Opinion by* HASTINGS, C. J. On the back of the note in controversy was the following endorsement:—

"Received, on the within note, sixty dollars, September 1st, 1841, by John Carson, jr." Through this endorsement were drawn two lines, with apparent intention to erase it, and below it was written the following certificate, viz.: "We certify that this endorsement was made in mistake.

CYRUS CLARK,
JOHN CARSON."

It appears from the record, that the court below rejected the amount credited on the back of the note, without any other testimony than the above certificate to show that the credit was properly erased. This, we think, was error.

If the credit was made by mistake, the plaintiff should have proved the mistake by some witness who knew the fact. The certificate was not *per se* evidence of the fact.

The presumption of law is then in favor of the allowance of the erased credit, subject to be rebutted by testimony. See Chitty on Bills, Appendix, 820 ; 7 Louisiana R. 356.

From the record it appears that the credit ought to have been allowed, and therefore the court erred in rejecting it.

A credit on the back of a note cannot be erased by any person, except the party in whose favor the credit is given, or by some person by him authorized ; and an erasure of a credit by a payee, corruptly made, is as criminal as an alteration of the face of a note itself, and the holder of the note should explain such erasure before he should be permitted to recover.

The judgment is therefore reversed, and a new trial awarded.

Judgment reversed.